```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


HAYWOOD ROSS,                    §
                                 §
              Plaintiff,         §
                                 §
VS.                              §    CIVIL ACTION H-10-2008
                                 §
STATE OF TEXAS, TEXAS ATTORNEY   §
GENERAL, WHARTON COUNTY, WHARTON §
COUNTY JUNIOR COLLEGE, JACK      §
MOSES, CITY OF WHARTON,          §
INTERNATIONAL BANK OF COMMERCE,  §
AND ROBERTA PADRON,              §
                                 §
              Defendants.        §
```

## OPINION AND ORDER OF DISMISSAL

In the above referenced cause, brought by *pro se* Plaintiff Haywood Mack Ross proceeding *in forma pauperis*, is a largely unintelligible pleading. It recites portions of numerous civil rights and banking laws and cases[1] and appears to assert conclusorily, without any supporting facts, (1) a violation of due process claim pursuant to 43 U.S.C. § 1983 arising out of his deceased brothers' right to bodily integrity because the cause-of-death designations on their death certificates are incorrect; (2) racially discriminatory hiring by "BISD" of teachers who engage in

---

[1] Defendant the City of Wharton describes the pleading as "twenty-four pages of cut-and-paste excerpts from various state and federal decisions with no discernible pattern or explanation" and "abundant 'irrelevant, extraneous material' unnecessarily injected . . . ." #40 at 10.

sexual abuse; (3) violations of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII by Wharton County, Wharton County Junior College, and International Bank of Commerce; and (4) general references to banking laws and problematic electronic transfers.[2]

Pending before the Court are the following motions:

1.  Defendant Jack Moses' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)(instrument #31);

2.  Defendant Wharton County's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1)and 12(b)(6) and, alternatively, motion for more definite statement under Rule 12(e)(#35);

3.  Defendant International Bank of Commerce's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and, alternatively, motion to compel arbitration and stay proceedings (#37);

4.  Defendant Wharton County Jr. College's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for more definite statement under Federal Rule of Civil Procedure 12(e)(#39);

---

[2] The Court has previously dismissed Haywood Ross's deceased brothers, Plaintiffs Ronald Wayne Ross and Marshall Dwight Ross, and Defendants the State of Texas and Texas Attorney General Greg Abbott (instrument #19).

5.    Defendant The City of Wharton's motion to dismiss under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) and alternative motion for more definite statement (#40), and Supplement (#47);

6.   Plaintiff's motion to deny dismissal and amendment of pleadings (#41);

7.   Plaintiff's motion to add factual allegations against above Defendant [Jack Moses] (#42);

8.    Plaintiff's motion to deny dismissal and deny more definite statement (#44);

9.    Plaintiff's motion to deny motions to dismiss and alternative motion for more definite statement (#49);

10.    Plaintiff's motion to deny Defendant Wharton County's motion to dismiss and alternative motion for more definite statement (#51);

11.   Plaintiff's motion for summary judgment (#54); and

12.    Plaintiff's motion to deny Defendants Jack Moses' and Wharton County Junior College's motions for dismissal (#60).

Plaintiff's "complaint," instrument #1 styled "Pleadings," is difficult to comprehend.  Amid a jumbled recitation of a variety of laws, it alleges that Haywood Mack Ross's brothers, Ronald Wayne Ross and Marshall Dwight Ross, were shot to death in Wharton County, but their death certificates indicate the deaths were due

to homicide and suicide, respectively.  The complaint demands exhumation of their bodies to determine "the truth of his death and lay to rest speculation that White Folk killed him!"  #1 at 3.  In the Prayer section of his complaint (#1 at 23-24) Plaintiff appears to complain that the State of Texas's death penalty execution is "literally 'open season' on Negroes' because there is no linearity, no investigation, no justice for dead/murdered African-Americans"; that his driver's license was suspended because he did not have it with him when he was stopped and arrested, and apparently subsequently convicted, for Driving While Intoxicated ("DWI"); that Wharton County Junior College denied his application for student aid and denied his application to enter its school of radiology "since the majority of radiology students are White Females and probably never had a good sized, black, heterosexual and male African American student accepted"; that the College disbanded its football and basketball programs years ago, a "diminution of African-American student athletes who usually wield power in football and basketball"; a charge of employment discrimination under Title VII without any facts; and some problem with overdraft fees relating to his account at International Bank of Commerce ("IBC") about which Roberta Padron[3] lied to Plaintiff.  Plaintiff did attach to his pleading, among numerous other documents, two

---

[3] Padron was a named Defendant who was dismissed by the Court for want of prosecution after Plaintiff failed to serve her (#36).

-4-

copies of a charge filed with the Texas Workforce Commission Civil Rights Division stating that he was not hired by Wharton County Junior College for the positions of Custodian and Administration Assistant and that he believes he was discriminated against on the basis of his race (Black), sex (Male), Color, and National Origin, age (61) in violation of the Age Discrimination in Employment Act, and his disability[4] in violation of the Americans with Disabilities Act; and he also checked the box for retaliation in violation of Title VII.  #1-2, pages 4 and 5 of 44. He attached another charge of discrimination, this one against IBC, on which he checked boxes for race, color, sex, national origin, retaliation, age, and disability discrimination and stated that IBC failed to hire him but did not give him a reason.  #1-2 at pages 8 and 9 of 44.  The Court is unable to glean any other claims from the original pleading.

## I.  Standards of Review

### A.  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss

---

[4] The complaint at 9 states, "Here, Plaintiff allege he is 'disabled' within the meaning of [previous paragraphs] because of both knees, metal pin in left foot, and depression!  THE WHOLE TOWN OF WHARTON, TEXAS REPUTE PLAINTIFF HAYWOOD MACK AS 'CRAZY.' [*sic*]"

pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v.*

*Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than

conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

While the sufficiency of a complaint under Rule 8(a)(2) may be challenged by motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, even if the defendant does not file such a motion, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.")), *cert. denied*, 129 S. Ct. 2417 (2009).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(reciting the long-established rule that documents filed

pro se are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, "[e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief can be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice. *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5th Cir. 1980).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it

-10-

fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

## B. Federal Rule of Civil Procedure 12(b)(1)

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Crenshaw-Logal v. City of Abilene, Texas*, 2011 WL 3363872, *1 (5th Cir. 2011), *quoting Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. Mar. 15, 2011); Fed. R. Civ. P. 12(h)(3). If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, " the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Crenshaw-Logal*, 2011 WL 3363872, *1, *quoting Hitt v. City of Pasadena*, 561 F.2d 606, 608

(5th Cir. 1977).  The reasons behind this practice are to preclude
courts from issuing advisory opinions and barring courts without
jurisdiction "'from prematurely dismissing a case with
prejudice.'".  *Id.*, *citing Steel Co. v. Citizens for a Better
Env't*, 523 U.S. 83, 101 (1998), and *Ramming*, 281 F.3d at 161.

"Article III standing is a jurisdictional prerequisite."
*Crenshaw-Logal*, 2011 WL 3363872, *2*, *citing Steel Co.,* 523 U.S. at
101, and *Xerox Corp. v. Glenmoora Corp.*, 888 F.2d 345, 350 (5th Cir.
1989).  If a plaintiff lacks standing to bring a claim, the Court
lacks subject matter jurisdiction over the claim and dismissal
under Federal Rule of Civil Procedure 12(b)(1) is appropriate.
*Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990); *Chair King, Inc.
v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997).  The
party seeking to invoke federal jurisdiction bears the burden of
showing that standing existed at the time the lawsuit was filed.
*M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001);
*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001);
*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"The standing doctrine has its origins in 'both constitutional
limitations on federal court jurisdiction and prudential
limitations on its exercise.'" *Ensley v. Cody Resources, Inc.*, 171
F.3d 315, 319 (5th Cir. 1999), *quoting O'Hair v. White*, 675 F.2d
680, 685 (5th Cir. 1982)(*en banc*), *quoting Warth v. Seldin*, 422 U.S.
490. 498 (1975).  In the constitutional aspect, the focus is on

whether the plaintiff has alleged a "case or controversy" between himself and the defendants within the meaning of article III. *Warth v. Seldin*, 422 U.S. at 498.   To determine if a plaintiff has standing the court should examine whether the plaintiff has "'alleged such a personal stake in the outcome of the controversy,'" has suffered "'some threatened or actual injury resulting form the putative illegal action,'" as to warrant his invocation of federal-court jurisdiction and justify exercise of the court's remedial powers.   *Id.* 498-99.   The minimum constitutional standing requirement to invoke Article III jurisdiction of a federal court is (1) injury-in-fact, i.e., an invasion of a legally protected right that is concrete and particularized and actual or imminent; (2) a causal connection between the injury and the conduct complained of, i.e., the injury has to be fairly traceable to the defendant's actions; and (3) a substantial likelihood that it will be redressed by a favorable decisions. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Ensley*, 171 F.3d at 319, *citing Raines v. Byrd*, 521 U.S. 811, 818 (1997), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).  On the other hand, judge-crafted prudential restrictions on justiciability encompass the general prohibition that "'a plaintiff may not rest his claim to relief on the legal rights of third parties even if he has alleged injury sufficient to satisfy

article III,'" but must assert his own legal rights and interests. *Id., citing O'Hair*, 675 F.2d 687; *Warth v. Seldin*, 422 U.S. at 499.

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.   The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof for a 12(b)(1) motion.   *Ramming*, 281 F.3d at 161.   In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.   *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned.   *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000).   A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence.   *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).   In a facial attack, allegations in the

-14-

complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, *citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981). The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson*, 2008 WL 4692392 at *10, *citing Garcia*, 104 F.3d at 1261. "Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist." *Evans v. Tubbe*, 657 F.2d

-15-

661, 663 (5th Cir. 1981).  In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit,[5] has significant authority "'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"  *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

## C.  **Federal Rule of Civil Procedure 56**

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the

---

[5] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003),

It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.). *cert. denied*, 454 U.S. 897 (1981).] "Jurisdictional issues are for the court--not the jury--to decide, whether they hinge on legal or factual determinations. *Id*. To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985).  The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*,613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Initially the movant bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact; the movant may, but is not required to, negate elements of the nonmovant's case to prevail on summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  The nonmovant may

not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause of action(s). *Morris v. Covan World Wide Moving, Inc,*, 144 F.3d 377, 380 (5th Cir. 1998). Conclusory allegations unsupported by evidence will not preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . .'" *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990), *quoting Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 247-48 (1986). "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Id., quoting Liberty Lobby*, 477 U.S. at 252. The Fifth Circuit requires the nonmovant to submit "'significant probative evidence.'" *Id.*, *quoting In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1978), and *citing Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op.*, 799 F.2d 194, 197 (5th Cir. 1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th

Cir. 1999), *citing Celotex*, 477 U.S. at 322, and *Liberty Lobby*, 477 U.S. at 249-50.[6]

The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 712-13.

It is well established in the Fifth Circuit that "[a] federal court may not grant a 'default' summary judgment where no response has been filed." *Bradley v. Chevron U.S.A., Inc.*, No. Civ. A. 204CV092J, 2004 WL 2847463, *1 (N.D. Tex. Dec. 10, 2004), *citing Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at *1 and n. 2, *citing id.; see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003)(where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be

---

[6] The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Rather the nonmovant must identify evidence in the record and demonstrate how it supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

accepted as undisputed). *See also Unum Life Ins. Co. of America v. Long,* 227 F. Supp. 2d 609 (N.D. Tex. 2002)("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)("A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence.").

For a no-evidence motion for summary judgment, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. If the nonmovant fails, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment as a matter of law must be granted. *Id.* at 322-23.

**D. Federal Rule of Civil Procedure 12(e)**

Under Rule 12(e) a party is entitled to a more definite statement when a portion of the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." "'A motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a

correction for lack of detail.'" *Turner v. Pavlicek*, 2011 WL 4458757, *16 (S.D. Tex. Sept. 22, 2011), *quoting Pension Advisory Grp., Ltd. v. Country Life Ins, Co.*, 771 F. Supp. 2d 680, 707 (S.D. Tex. 2011).   The Court has discretion whether to grant such a motion. *Id.*   A party may employ Rule 12(e) to enforce the minimum requirement of notice pleading; but where matters can be clarified and developed during discovery rather than the existence of a complaint that impedes the defendant's ability to form a responsive pleading, such a motion should not be granted.   *Id., citing* 5 *Federal Practice and Procedure* § 1203 ("[T]he form and sufficiency of a claim for relief under Rule 8(a)(2) may be tested . . . by a motion for a more definite statement"); *Arista Records LLC v. Greubel*, 453 F. supp. 2d 961, 972 (N.D. Tex. 2006).

**E.  28 U.S.C. § 1915(e)(2)(B)(1)**

This Court may dismiss a complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(1) if the Court finds that "the action is frivolous or malicious." *Alfred v. Corrections Corp. of America*, No. 09-30614, 2011 WL 2201188, *2 (5th Cir. June 7, 2011). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25 (1989).   A complaint lacks an "arguable basis in law" if it is based on an indisputably "meritless legal theory" or a violation of a legal interest that does not exist, e.g., because defendants are absolutely immune from suit, or the complaint asserts a violation of a legal interest that

-21-

does not exist, or the action is clearly barred by limitations. *See, e.g.*, *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995); *Alfred v. Corrections Corp. of America*, No. 09-30614, 2011 WL 2201188, *2 (5th Cir. June 7, 2011).  The Court may dismiss factual allegations that are "'clearly baseless,'" "'fanciful'" or "'delusional.'" *Alfred*, 2011 WL 2201188 at *2, *citing Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeably facts available to contradict them." *Id., citing id.* at 33.  The court may not dismiss allegations merely because they are unlikely. *Id., citing id.*  The court may also dismiss an action that is frivolous.  It is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits. *Humphrey v. Luna*, 59 F.3d 1242, Nos. 95-20204, *et al,*, 1995 WL 413136, *2 (5th Cir. June 21, 1995), *citing Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)(pending actions), and *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)("In ruling on a motion to proceed IFP on appeal, we have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit.").

## II.  Pending Motions

## A.  Jack Moses' Motion to Dismiss (#31) under Rule 12(b)(6)

Jack Moses ("Moses") identifies himself as a member of the Wharton County Junior College ("College") Board of Trustees ("Board"). He complains that Plaintiff makes only global allegations and asserts no specific facts stating a claim against Moses for which relief can be granted. At the complaint's conclusion (#1 at 24), Plaintiff states that Moses is "oblivious and unconscionable relative to all of the above and the legacies of William Lynch and Jim Crow," and he seeks $1,700 in damages against Moses. Moses contends that Plaintiff fails to allege a violation of a protected legal interest against Mosses and no legal causes of action for which relief can be granted.

## B.   Wharton County's Motion (#35)

In #35 Wharton County (also, "The County") claims that the Court lacks subject matter jurisdiction over the due process claim against the County for alleged violations of his brothers' right to bodily integrity because Plaintiff does not have standing to assert a claim based on violations of his dead bothers' rights.[7]  Nor has

_____

[7] In dismissing the State of Texas and its Attorney General, the Court noted that because Plaintiff brings suit "*pro se* and not as an attorney, he cannot represent his brothers' interests . . . ."  #19 at 3 n.2.

The County notes that as a matter of law a party seeking to bring a claim based on an injury to a decedent must have standing under applicable state law, here, Texas law. *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004); *see also* 42 U.S.C. § 1988(a)(state common law is a gap-filler in the administration of civil rights lawsuits; a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988), *citing Rhyne v. Henderson County*, 973 F.2d 386, 390-91 (5th Cir. 1992). Under Texas law a wrongful death action may

Ross identified, nor can he identify, a protected liberty or property interest that Wharton County allegedly violated for a due process claim.   Thus Ross's allegations against Wharton County should be dismissed with prejudice.

Furthermore, Ross appears to assert employment discrimination claims under Title VII, the ADA, the ADEA, and 42 U.S.C. § 1981 against IBC and Wharton County Junior College (also "the College"), but not Wharton County.   Although Ross vaguely states that the College is under the auspices of the County, which provides funding for the College through tax revenues, Ross has not alleged that the College is a non-jural entity or that the County is legally responsible for the College's actions or that his employment discrimination claims are against the County.  As a matter of law, Wharton County is a completely separate entity from the College, and the College may be sued in its own capacity.   Tex. Loc. Gov't Code § 71.001 (County is a corporate and political body); Tex. Const. Art. IX (counties exist under authority of the Texas

---

only be brought by the decedent's surviving spouse, children or parents.  Tex. Civ. Prac. & Rem. Code § 71.004.  While a brother could bring a survival action under Tex. Civ. Prac. & Rem. Code § 71.021, survival claims exist only for injuries occurring during the decedent's life, and his claim of incorrect cause of death on their death certificates occurred after they died.  *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W. 3d 845, 849 (Tex. 2005).  Ross also has not alleged that he is his brothers' heir or that he sues as executory of their estates for a survival action.

As for any due process claim on his own behalf, Ross lacks standing because he has not alleged any personal injury and he cannot raise another's alleged legal rights.  *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Constitution); Tex. Educ. Code § 130.031 (providing statutory authority for junior college district's existence); Tex. Educ. Code § 130.002 (all authority over junior college district not expressly delegated to the Central Education Agency is reserved by the junior college district); Tex. Educ. Code § 130.040 (junior college district is "governed, administered, and controlled by and under the direction of a board of trustees"); Tex. Prac. & Rem. Code § 101.001 (addressing TTCA liability and distinguishing between counties and junior college districts, both of which are separate political subdivisions that can be sued); § 15.0151 (same, but addressing venue under TTCA. *See also Gilmore v. James*, 274 F. Supp. 75, 82-86 (N.D. Tex. 1967)(junior college district can be sued by employee of same), *aff'd*, 389 U.S. 572 (1968).  Thus Plaintiff's employment discrimination claims should be asserted against the College and not against the County.

Plaintiff's effort to assert a § 1983 claim against the City of Wharton based on his arrest and/or suspension of his driver's license following DWI arrest fails because he has not alleged that Wharton County deputies or constables participated in his arrest or in the suspension of his license and he has not alleged how his constitutional rights were violated.  Counties and cities are separate legal entities under the Texas Constitution and every Texas statute addressing the issue.  Wharton County asks the Court to take judicial notice of the fact that it is not the same entity

as the City of Wharton.  Thus the claim about his arrest or suspension of his driver's license cannot be read to be against the County.

The County insists that Ross fails to state a claim under § 1983 because he fails to allege a liberty or property interest under the Fourteenth Amendment or that he was intentionally or recklessly deprived of that interest under the color of state law. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 199 (5th Cir. 1999).  While the right to be free of state-caused damage to a person's bodily integrity is a recognized liberty interest, the Constitution does not protect against imposition of psychological injury without concomitant physical injury.  *Doe v. Taylor ISD*, 15 F.3d 443, 450-51 (5th Cir. 1994); *Albright v. Oliver*, 510 U.S. 266, 283-86 (1994); *Doe ex rel. Die v. Silsbee ISD*, No. 09-41075, 2010 WL 3736233, *2 (5th Cir. Sept. 16, 2010)("psychological injury *alone* does not constitute a violation of bodily integrity as contemplated under the Fourteenth Amendment" and freedom from false stigmatization, or reputation alone, does not constitute such a protected liberty interest); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995)(defamation not actionable absent infringement of another interest).

Alternatively, the County asks that if the Court finds that subject matter jurisdiction exists, it require Ross to file a more definite statement under Federal Rule of Civil Procedure 12(e).

-26-

Specifically the County asks Plaintiff to identify (1) what claims are being asserted against the County; the underlying occurrence of factual basis of each claim; if employment discrimination claims are being asserted against the County, the dates he applied and the position he sought and whether he filed a charge of discrimination; if he claims the County is responsible for the actions of any other defendant, person, or entity, the theory(ies) of liability.

Plaintiff's motions [*sic*] to deny Defendant Wharton County's motion to dismiss and alternative motion or more definite statement (#51) is in essence a response to #35.  Along with much irrelevant material, Plaintiff states that after his arrest he was taken to Gulf Coast Hospital in Wharton, Texas and his blood was drawn.  He claims that the hospital does "not document police evidentiary blood drawing."  He further complains that the Fourth Amendment states that police cannot seize evidence without a warrant. Plaintiff also states that between his arrest and his appearance in court he received a Notice of Suspension [of] Temporary Driving Permit, a copy of which has been submitted, along with numerous other documents, to the Court, "[o]bviously to cover over the Fourth Amendment Constitutional violation."[8]  He insists that he is

_____

[8] Obtaining a blood sample is a search and seizure within the Fourth Amendment and thus a warrant based upon a showing of probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized is required.  *State v. Webre*, ____ S.W. 3d ____, 2011 WL 3443455, *3 (Tex. App.--Austin 2011), *citing* U.S. Const. amend. IV. Article 1, Section 9 of the Texas Constitution also requires a

-27-

not in possession of a temporary driving permit and that his license was not confiscated and, vaguely, "other lawful events did not happen under Article 15.17 Texas Code of Criminal Procedure."[9]

At the close of his motion Plaintiffs states that "Relief sought is the overturning of DWI conviction in Wharton, Texas and all financial payments returned to Plaintiff."

In reply (#52) the County points out that Plaintiff's submission does not clarify his pleadings, establish the Court's subject matter jurisdiction, or state a claim for which relief can

_____

search warrant for the taking of a blood sample. *State v. Dugas*, 296 S.W. 3d 112, 115 (Tex. App.-Houston [14th Dist.] 2009). In Texas "[t]he offense of driving while intoxicated is defined in part by a measurement of the defendant's blood alcohol concentration—'the number of grams of alcohol per 100 milliliters of blood.'" *State v. Webre* 2011 WL 3443455, *4, *citing* Tex. Penal Code Ann. § 49.01(1)(B). Furthermore, "a person arrested for the offense of driving while intoxicated is deemed, by statute, to have consented to the taking of a blood specimen 'for analysis to determine the alcohol concentration.'" *Id., citing* Tex. Transp. Code Ann. § 724.011 (West 2011). Section 724.011 provides that if a person is arrested for DWI, he is deemed to have consented "'to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration . . . .'" *Beeman v. State*, 86 S.W. 3d 613, 617 (Tex. Crim. App. 2002). Therefore under this statute "the person operating a motor vehicle is deemed to have given consent to testing of a specimen, without a warrant, after an arrest when an officer has reasonable grounds to believe that the suspect was driving while intoxicated." *Id.* He still has the option of refusing to provide a sample, but failure to provide a specimen results in suspension of the person's driving privileges for a specific period of time under § 724.-035 of the Transportation Code. *Id.*

[9] Article 15.17 ("Duties of arresting officer and magistrate") requires the arresting officer to take a person arrested before a magistrate not later that forty-eight hours after his arrest and admonishments the magistrate must provide. Plaintiff fails to specify what procedures were not followed.

be granted against the County.  The final comment in his motion indicates that the *Heck v. Humphries* doctrine[10] bars those claims arising out of his arrest and conviction for DWI.  The Court agrees.  Nor has he alleged any facts which would support a claim that the County is responsible for overturning his DWI conviction or returning payments he purportedly made.  The County reiterates its argument that Plaintiff lacks standing to allege violations of his brothers' rights to bodily integrity.  Plaintiff's employment discrimination claims against the County based on his unsupported allegation that the College is "under the auspices of Wharton County, which provide[s] funding for [the College] through tax revenues" fails as a matter of law because they are separate entities under the Texas Constitution.  Moreover Plaintiff's response appears to indicate that he has abandoned the employment discrimination claims against the County.  Alternatively, the County reurges its motion for more definite statement.

## C.   The City of Wharton's Motion to Dismiss or for More Definite Statement (#40) and Supplement (#47)

The City of Wharton (also "the City") charges that Plaintiff is a serial litigant who has filed numerous incoherent complaints in this District against unnecessary defendants with extensive

---

[10] 512 U.S. 477, 487 (1994)("A claim for damages bearing that relationship to a conviction or sentence that has *not* been . . . invalidated is not cognizable under section 1983."),

extraneous material and lists ten such cases with brief descriptions of their outcomes. #40 at 1-2 & nn.1-6:

1. *Haywood Ross v. Riceland Regional Mental Health Authority*, 4:92-cv-719 (Hughes, J.) (civil , rights) (dismissed for want of prosecution, lack of service);

2. *Haywood Ross v. City of Wharton, et al.*, 4:92-cv-2961 (Hughes, J.)(job discrimination)(dismissed for failure to state a claim and failure to exhaust administrative remedies);

3. *Haywood Ross (as Ronald and Marshall Ross) v. U.S. Dept. of Veterans Affairs, et al.*, 4:01-mc-160 (Harmon J.)(dismissed IFP application for contradictory representations and failure to provide proof of indigency);

4. *Haywood Ross v. Walmart, et al.*, 4:05-mc-91 (Atlas, J.);

5. *Haywood Ross v. Houston Community College System, et al.*, 4:05-cv-2347 (Hughes, J.)(claims under Title VII, ADEA, ADA);

6. *Haywood Ross v. Lamar ISD, et al.*, 4:06-mc-162 (Atlas, J.)(denied IFP application because Plaintiff had funds and subsequent request for service because "there is no case to serve");

7.   *Haywood Ross v. Jim Walter Homes*, 4:06-mc-251 (violation of constitutional/civil rights) (Hittner, J.)(denied IFP application);

8.   *Haywood Ross v. The Home Depot*, 4:06-mc-254 (violation of constitutional/civil rights) (Hittner, J.)(denied IFP application);

9.   *Haywood Ross v. First State Bank of Louise*,4;08-mc-42 (Miller J.)("WAL-MART MONEY ORDER FRAUD THAT THE DEFENDANT NEGLIGENTLY PERMITTED THOROUGHLY DISREGARDING THE FEDERAL BANK SECRECY ACT AND IT'S RECORD KEEPING PROVISIONS. [*sic*]")(denied IFP application);

10.   *Haywood Ross (and on behalf of deceased Ronald and Marshall Ross) v. State of Texas, et al.*, 4:08-cv-3015 (Ellison, J.)(employment discrimination, Title VII and ADA)(dismissed with prejudice for failure to file an amended complaint required by court order and failure to appear at hearing).

In two of these cases (#3 and 10), Plaintiff has attempted to sue on behalf of his deceased brothers Marshall and Ronald Ross.  He previously sued Wharton County and Wharton County Junior College in #3.  Three of the cases were dismissed under Rule 12(b)(6).  Ross has been denied IFP status at least four times.  Several judges have admonished Ross for failing to plead in compliance with Rule 8.

Regarding the poorly pleaded claim arising from Plaintiff's stop and arrest on April 18, 2009 and subsequent conviction on May 27, 2009 for DWI, the Notice of Suspension of Temporary Driving Permit, attached to Plaintiff's Complaint (#1-2 at page 13 of 44) contradicts Plaintiff's claim that he did not refuse to provide a specimen of breath or blood following his arrest and that he had his driver's license in his possession when he was arrested. *See* Complaint at 13 and Sentence attached to Complaint (#1-2 at p. 14 of 44), evidencing that on May 27, 2009 he was found guilty of violating Texas Penal Code 49.04 (Driving While Intoxicated) and ordered to pay restitution in the amount of $180. There is no evidence, nor does Plaintiff allege, that he appealed this conviction or sought *habeas* relief from it. Plaintiff seeks to have the City overturn his conviction and return the monetary fines that he paid. The City argues that Plaintiff fails to state a claim against it based on this arrest and conviction because a section 1983 claim is not a proper method to challenge a criminal conviction and his claims are barred as a matter of law under the *Heck* doctrine. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.").  The complaint implies that the Wharton Police Department falsified evidence about Ross's alleged refusal to submit to a breathalyzer or blood test, and thus questions the validity of his conviction, so it falls within the reach of *Heck*.  Under *Heck* courts in the Fifth Circuit routinely dismiss § 1983 claims that allege falsified reports to secure convictions.  *See, e.g., Miles v. Murra,* No. Civ. A. H-05-2831, 2006 WL 456269, *2 (S.D. Tex. Feb. 23, 2006); *Weeks v. Shipman*, 70 F.3d 1267 (not selected for publication), No. 95-40484, *1, 1995 WL 696793, *1 (5th Cir. Oct. 18, 1995); *Penley v. Collin County, Tex.*, 446 F.3d 572, 572 (5th Cir. 2006)(per curiam).

The City further urges the Court to dismiss this action under § 1915(e)(2)(B) because it is frivolous.  A frequent filer, Ross has not only repeatedly filed claims on behalf of his deceased relatives, but has filed suits against the same defendants named here, always sues over a dozen, unrelated entities, individuals, government agencies and their employees with no basis in law or fact.  His claims have been repeatedly dismissed for failure to state a claim, want of prosecution, and misleading statements in his IFP applications.

Alternatively the City requests a more definite statement.

In its Supplement (#40), the City points out that Plaintiff failed to file a timely response to its motion to dismiss or to seek an extension, and thus under Local Rule 7.4, should be construed as unopposed.

**D.  International Bank of Commerce's ("IBC's") Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) and, Alternatively, Motion to Compel Arbitration and Stay Proceedings (#37)**

IBC contends that (1) the complaint fails to meet the requirements of Rule 8(a) and *Twombly* and of Rule 12(b)(1); (2) Plaintiff lacks standing to on his own behalf, on behalf of other named Plaintiffs, and on behalf of any purported putative class members; and (3) if he has adequately pleaded a cause of action, he agreed to arbitrate any and all matters relating to his application for employment with IBC (Ex. B to #37) and any and all matters relating to his account in IBC pursuant to the Depositor's Agreement (Ex. A to #37). His claims are unintelligible and nothing more than mere labels and conclusions. He fails to allege that he has any interest which has been adversely affected by IBC. Although in the Prayer of his complaint he seeks damages from IBC in the amount of $10,700, he fails to allege how IBC caused him any injury. Thus he lacks standing to sue IBC and his claims against the bank must be dismissed for lack of subject matter jurisdiction. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006)(to have standing a plaintiff must demonstrate, among

other things, that he has been injured and that the defendant caused the injury).  In addition Plaintiff has failed to plead any facts showing that he has standing to bring claims on his brothers' behalf or on behalf of their estates.

IBC's alternative motion to compel arbitration and stay proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, based on (1) the arbitration section in the Depositor's Agreement signed by Plaintiff on April 1, 2009 (#37, Ex. A, in which the parties agreed to arbitrate "any and all controversies and claims arising out of this Contract" and which encompasses all claims "involving the parties, and/or any aspect of any past or present relationship of the parties"); and (2) the arbitration provision in the Employment Application (*id.*, Ex. B, " I understand and agree that all disputes between IBC and me concerning my employment or the termination thereof will be submitted to arbitration in accordance with the National Rules for Resolution of Employment Disputes of the American Arbitration Association which are in effect at the time the dispute arises."), which he signed on November 6, 2009 and submitted for a job at IBC.

**E.  Defendant Wharton County Junior College's Motion to Dismiss Under Rule 12(b)(6) or, in the Alternative, Motion for More Definite Statement (#39)**

The College complains that Plaintiff brings global allegations of discrimination based on race, age, and disability, but without

-35-

any facts, i.e., largely passages copied from a legal treatise. Nor does he allege a violation of a protected legal interest against the College.  He provides no specific facts or legal causes of action applicable to the College that state a claim for which relief can be provided.  Alternatively, the Court should grant the College's motion for more definite statement as it is unable to prepare a responsive pleading because the complaint is vague and ambiguous.

**F.  Plaintiff's Motion to Deny Dismissal [of defendants' motions] and Amendment of Pleadings (#41).**

Plaintiff's "motion," with numerous documents attached, seems to be a response to the motions of Defendants Jack Moses and IBC. In essence, with vague and incoherent references to slavery, lynchings, segregation, and discrimination against African Americans and accusations against Moses' attorney, he objects to being quoted and asserts that his First Amendment rights to free speech "are used against me."[11]  He also states that he intended to

_____

[11] For example, the "motion" asserts,

What is Moses' attorney trying to accomplish by quoting Plaintiff?   [a] The implication from Plaintiff's perception is that no child, no boy should say anything about Lynch and Crow; such boy is not 'Man enough to have knowledge.  A decade deep into the Twenty First century and an African American Boy should not say such things regardless of his First Amendment Constitutional Rights. Defendant Moses' attorney apparently do not believe in freedom of speech for African American Men and such attorney is obviously "oblivious and unconscionable" to this is a Nation of Laws and not men and such other

enter Radiology School at the College, but the president and vice president of the College convinced the United States Department of Education that fear "out of the Radiology School precluded [persona non grata] this Plaintiff from attending," so he "ended up at HCC to experience animus on another level much more severe in emotional pain for the wasted effort."  He further complains that "when Jack Moses and I were kids, Jack Moses pushed me around.  It did not stop until I whipped him."

Because Plaintiff fails to state a claim cognizable under the law, the Court denies his motion.

**G.  Plaintiff's Motion To Add Factual Allegations against Jack Moses and Wharton County Junior College (#42)**

This motion is an incomprehensible rant.[12]   The Court accordingly denies it.

---

ordinations as "of, for, and by the People"!  For each and every defendant in this case that is the attitude and behavior toward Plaintiff, race representative, that Plaintiff is a child, a boy; otherwise he is non compos mentis and is to be feared ....... sans FDR, "you have nothing to fear ........"  Can it get any more Orwellian that my First Amendment Rights are used against me. Would it have been any more gentle and kinder if I had cited Dred Scott vs. Sandford, 60 U.S. 393 (1857) for William Lynch and Plessy vs. Ferguson, 163 U.S. 536 (1986) for Jim Crow. [*sic*]

[12] In response Jack Moses says Plaintiff still fails to state a claim upon which relief can be granted, sets forth no factual or legal basis that would defeat Moses' motion to dismiss, and fails to set forth a more definite statement of the claims against Moses. #43.

**H. Plaintiff's Motion to Deny Dismissal and Deny More Definite Statement (#44)**

Plaintiff's motion presents another unintelligible pastiche of passages from various cases.   He exclaims that Defendants' attorneys "apparently went to a law school it was easy to get out of, are amazingly naive and/or mendacious toward their client" when they claim his complaint is devoid of facts showing that the College cannot perceive his age, race and disability claims, and cannot spell.   He further claims that he

> is in possession of an associate degree from Wharton County Junior College [WCJC].   If my good for nothing degree and my visibility on WCJC's campus is not enough to establish my Humanity, then documentation attached should establish that this Plaintiff is:
> [a] Sixty two years of AGE
> [b] Race is a nothin' Negro, and
> [c] the United States Department of Defense, the United States Social Security Administration, the United States Department of Veteran Affairs, the Americans with Disabilities Act, and, possibly, particularly, the United States Department of Education can establish and confirm Plaintiff's disability.

He suggests that the College attorneys should write to the Department of Education for "documentation to establish Plaintiff's age, race, and disability; along with the whole file regarding arbitration conducted by the Department of Education between Giuliani {NYC former Mayor} client WCJC and Plaintiff, during the time period 2002/2003 . . . ."

The College responds that Plaintiff still fails to state a claim upon which relief can be granted, sets forth no factual or

legal basis to defeat its motion to dismiss, and fails to set forth
a more definite statement of his claims against the College.

The Court finds Plaintiff's motion to be meritless and denies
it.

## I.   Plaintiff's motion for summary judgment (#54)

After quoting portions of case law, Plaintiff simply requests
summary judgment without any explanation.  To the motion *inter alia*
he attaches a copy of his Notice of Suspension [of] Temporary
Driving Permit, which indicates that his license was suspended
because he refused to provide a specimen of breath or blood
following his arrest for DWI and that his driver's license was not
confiscated because he did not have it in his possession (see
footnote 8 of this Opinion and Order regarding the implied consent
statute).

In response (#58) the County urges the Court to deny summary
judgment because Plaintiff has failed to allege or prove a
violation of any protected interest, failed to allege or prove that
any County employee or agent was even remotely involved in the
commission of any constitutional tort, and failed to allege or
prove that he was subjected to unlawful employment discrimination
by the County.  Nor is the County involved in Plaintiff's arrest,
blood test, or suspension of license as the County and the City of
Wharton are separate entities and political bodies.  Tex. Loc.
Gov't Code § 71.001; Tex. Const. Art. IX § 1; Tex. Civ. Prac. &

Rem. Code § 101.001 (addressing TTCA liability and distinguishing between counties and city, both of which are separate political subdivisions that can be sued); § 15.0151 (same but addressing venue under TTCA).  The City establishes and governs its Police Department and its officers.  Tex. Loc. Gov't Code Ann. §§ 341.001-.003.  He has failed to satisfy his burden to prove he is entitled to judgment as a matter of law.

The Court agrees that Plaintiff fails to meet his burden of proof for summary judgment, no less plead a coherent claim, and denies Plaintiff's motion.

## J.  Plaintiff's Motion to Deny Dismissal of the College and Moses (#60)

Plaintiff conclusorily complains again that the College refused to hire him for even a janitorial position because of his race and asks the Court not to dismiss the College or Moses.

The College and Moses respond (#61) that in another incomprehensible and frivolous document Plaintiff fails to state a claim for which relief can be granted or to provide a more definite statement if his claims.

In opposition to #61, Plaintiff claims that "Defendants counsel, a highly prestigious law firm, in it's opposition to dismiss denial has made an attempt to steam roll a poor nothin' Negro . . . [*sic*]," as counsel did in another suit Plaintiff brought against Houston Community College and presided over by

Judge Hughes.  He complains of contempt toward *pro se* litigants and blacks and asks the Court to "allow a Negro to ramble on. . . ." #62.

Again the College and Moses respond (#63) that Plaintiff's opposition fails to state a claim or to put forth any factual or legal basis that would defeat their motions to dismiss.

Because Plaintiff presents no valid reasons for his request for denial of dismissal and because the Court finds that Plaintiff's motion is meritless, the Court denies his motion to deny (#60).

### Court's Decision

The Court properly address the Rule 12(b)(1) standing issue first.  The Court fully agrees with Defendants that Plaintiff fails to allege any basis giving him standing to sue on behalf of his deceased brothers for the alleged incorrect designation of cause of death on their death certificates.  The legally protected interest and the injury-in-fact, if there is one,[13] of invasion of bodily integrity belong to his brothers.  *Lujan*, 504 U.S. at 560-61; *Warth v. Seldin*, 422 U.S. at 499; *Allen v. Wright*, 468 U.S. at 751.  See also footnote 7 of this Opinion and Order.

---

[13] As noted by the County, a psychological or reputational injury alone is not sufficient for a claim of damage to a person's bodily integrity under § 1983.  *Doe v. Taylor ISD*, 15 F.3d at 450-51; *Albright v. Oliver*, 510 U.S. at 283-86; *Doe ex rel. Die v. Silsbee ISD*, 2010 WL 3736233 at *2; *Texas v. Thompson*, 70 F.3d at 392.

Second, Plaintiff claims arising out of his arrest and conviction and resulting fines are barred by the *Heck* doctrine.

Furthermore, in reviewing Plaintiff's submissions it is apparent from the incoherent, rambling, wild statements, totally lacking in any factual support, not only that Plaintiff fails to state a claim for which relief may be granted under Rules 8 and 12(b)(6), but that his action is frivolous and delusional under 28 U.S.C. § 1915(e). Moreover his history of filing vexatious and harassing lawsuits is a burden on the Courts as well as the extensive list of defendants he has sued. If he continues in this practice, the Court admonishes Plaintiff that imposition of sanctions would be appropriate.

Accordingly, the Court

ORDERS that this action is DISMISSED with prejudice under section 1915(e)(2)(B)(1).

**SIGNED** at Houston, Texas, this __29th__ day of __November__, 2011.

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE